IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN ALLEN,     PETITIONER

V.     NO. 4:04CR064-GHD

UNITED STATES OF AMERICA,     RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Petitioner Kevin Allen's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion and the Government's response, the court finds that the motion is not well taken and shall be denied.

*A. Factual Background*

Allen was indicted in a multi-count indictment for various drug related offenses. On October 15, 2004, with the assistance of counsel, Allen entered into a plea agreement with the Government. Allen agreed to plead guilty to aiding and abetting the distribution of in excess of five grams of crack cocaine, in violation of 21 U.S.C. § 811 (a) and (b)(1)(B). The remaining counts of the indictment were dismissed.

The plea agreement contained a waiver provision in which Allen waived his right to "all appeals and collateral attacks" upon his conviction and sentence. A presentence report ("PSR") was prepared. The report attributed 10.6 grams of crack cocaine to Allen. Allen was also given one criminal history point for a possession of marijuana conviction for which he was not imprisoned. Finally, Allen was given one criminal history point for carrying/possession of a weapon. Allen did not object to any portion of the PSR.

On February 1, 2005, without objection, Allen was sentenced to 60 months imprisonment. Judgement was entered February 7, 2005, and no appeal was taken. Allen, however, filed this § 2255 motion on November 20, 2006, asserting essentially on ground for relief. Allen argues that

counsel was ineffective for failing to object to the use of an uncounseled state conviction contained in the PSR. As discussed *infra*, Allen's motion will be denied for two reasons.

## B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

## C. Statute of Limitation

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. That section provides:

> The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted above, Petitioner was sentenced on February 1, 2005. Judgment was entered on February 7, 2005. Under Rule 4(b)(1)(A)(i) of Appellate Procedure, Petitioner had ten days from the entry of the judgment to file a notice of appeal. Thus, his judgment became final on February 22, 2005, the last day Petitioner could have appealed his sentence.[1] In order to be timely, his § 2255 motion should have been filed on or before February 22, 2006. Unfortunately, Petitioner did not file his motion to vacate sentence until November 20, 2006, nearly nine months too late. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(2) through (4) is applicable.

Petitioner, however, does not allege any impediment to making the motion or that the government prevented him from seeking relief. Petitioner does not assert any newly recognized right that would apply retroactively. Nor is his motion based on any facts that where not readily apparent at the time he entered the guilty plea. To the contrary, each argument set forth in his motion, though meritless, should have been blatantly obvious, particularly to Petitioner himself, up to and including the day he plead guilty. Consequently, Petitioner's § 2255 motion is untimely.

Additionally, rare and exceptional circumstances may warrant the application of equitable tolling principles to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Allen in his motion, there is no equitable basis for extending the limitations period. Accordingly, Allen's habeas petition is barred by the one-year statute of limitation which is not subject to tolling.

---

[1] This date excludes intermediate Saturdays and Sundays, and Monday February 21, 2005, which was a legal holiday. *See* Fed. R. Crim. P. 45(a)(2).

### D. Waiver

An informed voluntary waiver of post-conviction relief is a valid bar to habeas relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Only claims of ineffective assistance of counsel directly affecting the validity of the waiver or the plea itself survive a knowing and voluntary waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Courts have routinely upheld waiver provisions in the absence of ineffective assistance of counsel. *Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1987). Although Petitioner does assert a claim for ineffective assistance of counsel, he does not directly or indirectly challenge the waiver provision contained in the plea agreement. Rather, the ineffective assistance argument is directed at counsel's alleged failure to object to portions of the PSR.[2]

> The waiver provision contained in the plea agreement states, in relevant part:
>
> WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS. Defendant KEVIN ALLEN, hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed on any ground whatsoever... Defendant KEVIN ALLEN, also hereby expressly waives all right to contest or collaterally attack the conviction and or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255.

Allen executed the plea agreement including this waiver provision with the competent assistance of counsel. Moreover, at his change of plea hearing, the plea agreement was reviewed in Allen's presence assuring his assent thereto was knowing and voluntary. There is simply no argument or basis to challenge the validity of the plea agreement or the waiver. Accordingly, the court finds that Allen has waived his right to prosecute this collateral attack.

---

[2] Allen complains that his counsel was ineffective for failing to object to the use of a sentence involving a prior uncounseled misdemeanor conviction. The Supreme Court, however, has expressly rejected this argument. In *Nichols v. United States*, 511 U.S. 738, 748-49, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994), the Court allowed the use of an uncounseled valid misdemeanor conviction to calculate the defendant's criminal history category under the sentencing guidelines. The uncounseled conviction was valid because no prison term was imposed. *Id.* at 748-49.

4

### E. Conclusion

Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. First, his petition is untimely and shall be barred by the one-year limitations period provided under 28 U.S.C. § 2255. Secondly, dispensing with any further analysis, Petitioner entered into a valid plea agreement which contained a clause waiving his right to collaterally attack his sentence. Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

This opinion has no bearing upon Petitioner's pending motion for retroactive application of the Sentencing Guidelines to Crack Cocaine Offenses.

A separate order in accordance with this opinion will be entered.

THIS the 26th day of May, 2008.

_____
Senior Judge